**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PEDRO A. ALICEA, a/k/a, PEDRO A. ALICEA, III, <br><br> Defendant. | CIVIL ACTION NO. 3:05-CV-1400 <br><br> (JUDGE CAPUTO) |

**MEMORANDUM**

Plaintiff Mortgage Electronic Registration Systems, Inc. filed its Complaint against Defendant Pedro A. Alicea on July 12, 2005. (Doc. 1.) Although Plaintiff asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, the Court finds that Plaintiff has failed to properly alleged diversity of citizenship in the Complaint.

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.,* 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

Here, Plaintiff's Complaint fails to sufficiently aver facts showing complete diversity

of citizenship.  For purposes of diversity of citizenship, a corporation is a citizen of "the State where it has its principal place of business" *and* "the State by which it has been incorporated."  28 U.S.C. § 1332(c)(1).  Although Plaintiff indicated that its state of incorporation is Virginia (Doc. 1 at 1), Plaintiff has not alleged any facts by which the Court can discern Plaintiff's principal place of business.  Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

     An appropriate order shall follow.

August 11, 2005                           /s/ A. Richard Caputo
Date                                  A. Richard Caputo
                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-1400 |
| v. | (JUDGE CAPUTO) |
| PEDRO A. ALICEA, a/k/a, PEDRO A. ALICEA, III, | |
| Defendant. | |

**ORDER**

**NOW**, this  11th   day of August, 2005, **IT IS HEREBY ORDERED THAT**:

(1)   Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

(2)   The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge